IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | No. 3:11-cr-00098
Chief Judge Haynes |
| v. | ) ) | |
| COREY LAMONT LANIER | ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM**

Before the Court is the Defendant Corey Lamont Lanier's motion to dismiss or in the alternative, motion for a bill of particulars. (Docket Entry No. 106). In essence, Defendant contends that the Superseding Indictment is factually deficient in violation of his Fifth and Sixth Amendment rights, and should be dismissed. Defendant further contends that in the alternative, a bill of particulars is necessary to enable him to defend the charges and to present a double jeopardy defense in the event of a further prosecution of the same conduct. In response, the United States contends that the Indictment contains the requisite factual specificity and absent a protective order, the Government's concern about witness safety precludes further disclosure of facts.

**A. Analysis of Superseding Indictment**

Defendant is charged in Count One with a conspiracy under 18 U.S.C. § 1951; Defendant did "knowingly and intentionally combine, conspire, confederate and agree with other persons known and unknown to unlawfully obstruct, delay, and affect commerce as that term is defined

1

in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery and extortion, as those terms are defined in Title 18, United States Code, Section 1951, and to commit and threaten physical violence to other persons in a residence on Lebanon Pike, Nashville, Tennessee, in furtherance of a plan and purpose to commit such a robbery and extortion." Count One charges that the aforementioned violation occurred on or about September 8, 2009.

In Count Two, Defendant is charged with an additional conspiracy under 18 U.S.C. 924(c); the Count charges Defendant "did knowingly possess and brandish a firearm in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, that is, conspiracy to commit a Hobbs Act extortion and robbery in violation of Title 19, United States Code, Section 1951." Count Two charges the aforementioned violation occurred on or about September 8, 2009 in the Middle District of Tennessee.

In Count Three, Defendant is charged a second conspiracy under 18 U.S.C. § 1951; Defendant "did knowingly and intentionally combine, conspire, confederate and agree with other persons known and unknown to unlawfully obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery and extortion, as those terms are defined in Title 18, United State Code, Section 1951, and to commit and threaten physical violence to other persons in a residence on Hampton Lane, Nashville, Tennessee, in furtherance of a plan and purpose to commit such a robbery and extortion." Count Three charges the aforementioned violation occurred between in or around May, 2009 to in or around October, 2009.

In Count Four, Defendant is charged with a second conspiracy under 18 U.S.C. § 924(c).

The charge is identical to that of Count Two, except that the violation is alleged to have occurred between in or around May, 2009 to in or around October, 2009, in the Middle District of Tennessee.

In Count Five, Defendant is charged with a third conspiracy under 18 U.S.C. § 1951. Count Five's language tracks that of Count One. Count Five, however, charges that Defendant and Defendant Gary Eugene Pitts, Jr. did conspire in and around November, 2009 to violate 18 U.S.C § 1951 in a residence on Briarwick Drive, Nashville, Tennessee.

Finally, in Count Six, Defendant is charged with a third conspiracy under 18 U.S.C. § 924(c). Count Six, however, charges that co-Defendant and Defendant Gary Eugene Pitts, Jr., on or about November 17, 2009, "did knowingly possess and brandish a firearm in furtherance of a crime of violence" in violation of 18 U.S.C. § 1951. Count Six charges the aforementioned violation occurred in the Middle District of Tennessee.

### B. Conclusions of Law

Rule 12(b) of the Federal Rules of Criminal Procedure provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." The Court is permitted under Rule 12(b) to "make preliminary findings of fact necessary to decide questions of law presented by pre-trial motion so long as the court's findings on the motion do not invade the province of the ultimate fact finder." United States v. Jones, 542 F.2d 661, 664 (6th Cir.1976). A defense is "'capable of determination' if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the offense." United States v. Covington, 395 U.S. 57, 60 (1969).

In his motion to dismiss, Defendant contends that because "there is not enough

3

information [in the superseding indictment] for him to provide an adequate defense," the Court should dismiss the indictment. (Docket Entry No. 106). The Court disagrees.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that an indictment be "plain, concise, and definite written statement of the essential facts constituting the offense charged." Factual allegations of an indictment must be "tested by its sufficiency to charge an offense." United States v. Sampson, 371 U.S. 75, 79-79 (1963). An indictment that alleges facts and elements for each offense is sufficient to inform the accused of the charge and to enable the Defendant to prepare a defense. United States v. Middleton, 246 F.3d 825, 841 (6th Cir. 2001). An indictment that tracks the statutory language and includes factual allegations for those elements is legally sufficient. See United States v. Landham, 251 F.3d 1072, 1080 (6th Cir. 2001). On a motion to dismiss, "courts do not evaluate the evidence upon which the indictment is based." Id. The legal sufficiency of the indictment is a question of law. Id.

"An indictment is usually sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense." Id. at 1079. Yet, "the Supreme Court has cautioned: 'Undoubtedly the language of the statute may be used in the general description of the offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" Id. (citing Hamling v. United States, 418 U.S. 87, 117-18 (1974).

Here, Defendant contends the Superseding Indictment is unconstitutionally vague because it does not identify the alleged victims related to the charged offenses. Yet, as the Government emphasizes in response, the Government is willing to provide Defendant with the names of the

4

victims, so long as Defendant agrees to a protective order. The information provided in the four corners of the Superseding Indictment, coupled with the supplemental information the Government is willing to provide to Defendant, "fairly informs [the] Defendant of the charge against which he must defend, while enabling him to plead an acquittal or conviction in bar of future prosecutions of the same offense." Id. at 1079 (citing Hamling, 418 U.S. at 117). An indictment need not set forth the Government's theory of the case. See, e.g., United States v. Shareef, 190 F.3d 71, 75-76 (2d Cir. 1999)

Thus, upon review, the Court concludes that the Superseding Indictment tracks the statutory language, states the relevant elements, and provided sufficient facts of the acts and locations attributed to Defendant. Thus, the Court concludes that the Defendant's motion to dismiss should be denied.

"[T]he scope of a bill of particulars" is to provide "[t]he particularity of time, place, circumstances, causes, etc., in stating the manner and means of effecting the object or a conspiracy for which petitioners contend is not essential to an indictment." Glasser v. United States, 315 U.S. 60, 66 (1942). Moreover, "[a] bill of particulars is 'a tool to minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool . . . to obtain detailed disclosure of all evidence held by the government before trial.'" United States v. Vassar, 346 Fed.Appx. 17, 21 (6th Cir. 2009) (quoting United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993)). As to preparation of a defense, the indictment must allow the defendant "to identify and prepare witnesses, verify his whereabouts during the relevant times, and gather evidence useful to his defense." United States v. Carter, 124 F.3d 200, No. 96–5435, 1997 WL 528465, at

*2 (6th Cir. Aug.26, 1997).

The granting of a bill of particulars is a matter for the court's discretion. United States v. Crayton, 357 F.3d 560, 568 (6th Cir.2004). In exercising its discretion, courts consider "(1) the complexity of the charges, (2) the clarity of the indictment **and (3) the degree of discovery available to the defendant.**" United States v. Pendergrass, No. 3:06–00147, 2006 WL 3098871, at (M.D.Tenn. Oct.30, 2006) (citing United States v. Sorich, 427 F.Supp.2d 820, 838 (N.D.Ill.2006) and United States v. Santiago, 174 F.Supp.2d 16, 36 (S.D.N.Y.2001)) (emphasis added). A court is also to consider the other available sources of information. United States v. Paulino, 935 F.2d 739, 750 (6th Cir.1991). Granting a motion for a bill of particulars is warranted where an indictment "is so vague that [the defendant] could not discern the nature of the charges pending against him and the time frame in which the alleged acts occurred, or that the indictment did not provide . . . adequate information to provide a defense." United States v. Hayes, 884 F.2d 1393, No. 88–5967, 1989 WL 105938, at *3 (6th Cir. Sept.14, 1989).

Thus, "the test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." United States v. Musick, 291 Fed.Appx. 706, 724 (6th Cir. 2008) (citing FEDERAL PRACTICE & PROCEDURE § 129 (3D ed. 1999)); see United States v. MatosPeralta, 691 F.Supp. 780, 791 (S.D.N.Y. 1988) ("The ultimate test must be whether the information sought is necessary, not whether it is helpful."). Further, "**a defendant is not entitled to a bill of particulars with respect to information which is available through other sources.**" Paulino, 935 F.2d at 750, suspended on other grounds by statue, (emphasis added). Proof of abuse of discretion in the denying of a bill of particulars "requires a showing of actual surprise at the trial and prejudice to

the defendant's substantial rights by the denial." United States v. Rey, 923 F.2d 1217, 1222 (6th Cir. 1991) (citing United States v. Paiva, 892 F.2d 148, 154 (1st Cir. 1989)).

Here, while the Superseding Indictment may lack certain identifying information, the discovery provided to Defendant adequately places Defendant on notice to the charged offenses. The Superseding Indictment specifies the time period of the conspiracy to commit the robberies as well as the street and the targeted residence.

Defendant contends that above information is not sufficiently specific. In addition, Defendant contends the Government should provide Defendant with the names of the alleged victims, and a description of the weapons used in further of alleged violation. In essence, the Government responds with four assertions: (1) the particular dates when the conspiracies were carried out regarding the Lebanon Pike and Briarwick Drive robberies are well known to the defense because those incidents were reported to the police an the defense has information from those reports; (2) the specific address of each of the targeted residences is well known to defense counsel because that information was provided in discovery and meetings with counsel; (3) the Government remains willing to provide the names of the adult victims to the defense counsel under the terms of an agreed protective order; and (4) under 18 U.S.C. § 924(c), the Government is not required to specifically identify firearms used in a violent crime. Moreover, the Government advances a catch-all defense of the Superseding Indictment: "in light of the defendant's videotaped confession which demonstrates that he knows precisely which robbery efforts are being prosecuted in this case," Defendant is placed on sufficient notice regarding the charged offenses.

Defendant has at his disposal numerous avenues through which to obtain the information

necessary to mount a defense to the offenses charged in the Superseding Indictment. Beyond information provided in discovery, Defendant's own confession sufficiently informs him of many of the details Defendant requests be made available through a bill of particulars. Despite Defendant's contention that "he has a right to know **all** the evidence against him" (Docket Entry No. 119) (emphasis in original), "a defendant is not entitled to discover all the overt acts that might be proven at trial." Salisbury, 983 F.2d at 1375.

Defendant has not adequately demonstrated that his lack of knowledge of the alleged victims' names before trial will either surprise him, prejudice him, or impede his counsel's ability to prepare for trial, given the facts made available through discovery. Defendant has failed to demonstrate that the information made available to the defense through the Superseding Indictment and discovery is not sufficient to place Defendant on notice of the charged offenses.

In considering the complexity of the charges, the clarity of the Superseding Indictment, the degree of discovery available to the defendant, witness safety issue, and the absence of an agreed protective order, the Court concludes the Defendant's motion for a bill of particulars should be denied.

An appropriate Order is filed herewith.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court